1   Krsto Mijanovic (Bar No. 205060)
      kmijanovic@hbblaw.com
2   Melvin F. Marcia (Bar No. 309568)
      mamrcia@hbblaw.com
3   HAIGHT BROWN & BONESTEEL LLP
    555 South Flower Street
4   Forty-Fifth Floor
    Los Angeles, California 90071
5   Telephone: 213-542-8000
    Facsimile:  213-542-8100
6
    Attorneys for Defendants
7   Me & Brothers Inc.

8                    **UNITED STATES DISTRICT COURT**

9                 **CENTRAL DISTRICT OF CALIFORNIA**

10  CHRISTOPHER KAWATA,                   Case No.

11              Plaintiff,                **DEFENDANT ME & BROTHERS, INC.'S
                                          NOTICE OF REMOVAL OF CIVIL**
12       v.                               **ACTION UNDER 28 U.S.C. SECTION
                                          1441**
13  Me & Brothers Inc.; Julio Barrientos, and
    DOES 1 through 50,                    **(Diversity Jurisdiction)**
14
                Defendants.
15

16

17       TO THE HONORABLE COURT, AND TO ALL PARTIES AND THEIR ATTORNEYS

18  OF RECORD:

19       PLEASE TAKE NOTICE that pursuant to 28 U.S.C. Sections 1332, 1441, and 1446,

20  Defendant ME & BROTHERS, INC.. ("Defendant") hereby gives notice of the removal of the

21  action *CHRISTOPHER KAWATA V. ME & BROTHERS, INC., Inc., et al.,* Case No.

22  22STCV22247, which is currently pending in the Superior Court of California, County of Los

23  Angeles, to this United States District Court for the Central District of California, on the basis of

24  diversity of citizenship.

25       In support of such removal, Defendant states as follows:

26       1.      On July 11, 2022, Plaintiff CHRISTOPHER KAWATA ("Plaintiff") filed a

27  Complaint in the Superior Court of California, County of Los Angeles, Case No.: 22STCV22247

28

1    (the "State Court Action").  A true and correct copy of the Complaint is attached hereto as **Exhibit**

2    **A**.  (See also Declaration of Melvin F. Marcia ("Marcia Decl." ¶2.)

3        2.    Defendant filed its Answer to the Complaint in the State Court Action on July 29,

4    2022, a true and correct copy of which is attached hereto as **Exhibit B**.  (Marcia Decl. ¶3.)

5        3.    There are no other pleadings on file in the State Court Action at the time of this

6    Removal.  (Marcia Decl. ¶4.)

7        4.    Pursuant to 28 U.S.C. Section 1332, this Court has original jurisdiction over the

8    Amended Complaint.  Specifically, "[t]he district courts shall have original jurisdiction of all civil

9    actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest

10   and costs, and is between … citizens of different States."  28 U.S.C. § 1332(a).

11       5.    A limited liability company is a citizen of every state of which its owners/members

12   are citizens. (*Johnson v. Columbia Properties Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006).)

13   In addition, citizenship of a corporation is determined by looking at the place of incorporation and

14   the location of the company's headquarters, which is usually the principal place of business of the

15   company. (*Hertz Corp. v. Friend*, 559 U.S. 77, 85-86 and 92-93 (2010) ["for diversity purposes,

16   the federal courts considered a corporation to be a citizen of the State of its incorporation;"…and a

17   corporation's principal place of business as the corporation's "nerve center"—the place "where the

18   corporation's officers direct, control and coordinate the corporation's activities"].)  State

19   citizenship for diversity purposes requires that an individual be domiciled in that state.  (*See*

20   *Kantor v. Wellesley Galleries, Ltd.*, 704 F.2d 1088, 1090 (9th Cir. 1983).)  A person's domicile is

21   the place he or she resides with the intention to remain or to which he or she intends to return.

22   (*See Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001); *Messersmith v. Matteucci*,

23   276 F. Supp. 310, 311 (E.D. Cal. 1966) (describing domicile as the concurrence to residence in

24   fact and *animus manendi*--the intention to remain at the place of residence for an indefinite period

25   of time). Once established, domicile is presumed to continue until it is shown to have changed.

26   *See Messersmith*, 276 F. Supp. at 312 (citing *Mitchell v. Harris*, 88 U.S. 350, 353 (1874));

27   *Altimore v. Mount Mercy College*, 420 F.3d 763, 769 (8th Circuit 2005) ("Once an individual has

28   established his state of citizenship, he remains a citizen of that state until he legally acquires a new

Haight

ME & BROTHERS, INC.'S
NOTICE OF REMOVAL

state of citizenship.").) A natural person may have only one domicile at a time. (*See Gaudin v. Remis*, 379 F.3d 631, 636 (9th Cir. 2004).) While the intention to remain for an indefinite period of time is subjective, it may be established by objective factors. (*See Gaudin*, 379 at 637. A party's residence is "prima facie" evidence of domicile. (*See State Farm Mut. Auto. Ins. Co. v. Dyer*, 19 F.3d 514, 520 (10th Cir. 1994).)

        a.      On information and belief Plaintiff is a citizen of the State of California. Thus, at the time of removal, Plaintiff is a citizen of the State of California. (Marcia Decl. ¶5.)

        b.      Defendant ME & BROTHERS, INC. ("DEFENDANT") is a corporation organized under the laws of the State of Utah, with its principal place of business in Utah. Thus, at the time of removal, DEFENDANT is a citizen of the State of Utah. (Marcia Decl. ¶ 6.)

        6.      Plaintiff's Complaint names as defendants Does 1 through 50. Defendant is informed and believes, and on that bases allege, that none of these fictitiously named defendants have been served with a copy of the Complaint or Summons. (Marcia Decl. ¶ 7.) Thus, these fictitiously named defendants are not parties to this action. For purposes of removal, "the citizenship of defendants sued under fictitious names shall be disregarded." (28 U.S.C. § 1441(b)(1).)

        7.      Complete diversity exists because Plaintiff and the named defendant whose citizenship is properly considered are citizens of different states.

        8.      The amount in controversy exceeds the statutory threshold of $75,000, exclusive of interest and costs. The amount in controversy for jurisdictional purposes is determined by the amount of damages or the value of the property that is the subject of the action. (*Hunt v. Washington State Apple Advertising Comm'n*, 432 U.S. 333, 347-48 (1977); *Meisel v. Allstate Indem. Co.*, 357 F. Supp. 2d 1222, 1225 (E.D. Cal. 2005).) Here, Plaintiff has corresponded with Defendant prior to filing suit and indicated that his damages are in excess of $75,000. Thus, the amount in controversy exceeds the statutory threshold of $75,000. (Marcia Decl. ¶ 8.)

        9.      Because there is complete diversity between Plaintiff and defendants, and the amount in controversy exceeds the jurisdictional threshold of $75,000, exclusive of interest and costs, diversity jurisdiction exists in this action.

ME & BROTHERS, INC.'S
NOTICE OF REMOVAL

10.     This case is a suit of a wholly civil nature brought in California State Court. Pursuant to 28 U.S.C. Section 1441(a), this civil action may be removed by Defendant to this Court.  Because Plaintiff filed the State Court Action in Los Angeles County, the United States District Court for the Central District of California is the appropriate venue for removal of the State Court Action because it is the "district and division embracing the place where such action is pending."  (*See* 28 U.S.C. §§ 1441(a), 1391(a).)

11.     Accordingly, and based on the foregoing, this Court has original jurisdiction over the  Complaint, and removal to this Court from the Superior Court of California, Los Angeles County, is proper, pursuant to 28 U.S.C. Sections 1332 and 1441, respectively.

12.     When a case stated by an initial pleading is not removable, a notice of removal may be filed within 30 days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order, or other paper from which it may be ascertained that the case is one which is or has become removable. (28 U.S.C.A. § 1446(b)(3).) Where grounds for removal do not appear on the face of the initial pleading, courts may look to "documents exchanged in the case by the parties to determine when the defendant had notice of the grounds for removal." (See Lovern v. General Motors Corp. (4th Cir. 1997) 121 F3d 160, 161—diversity of citizenship disclosed in plaintiff's answers to interrogatories; 28 USC § 1446(c)(3)(A)—"information relating to the amount in controversy in the record of the State proceeding, or in responses to discovery, shall be treated as an 'other paper'").  Courts have consistently viewed the "other paper" language expansively so that the 30-day removal period is triggered even by "papers" not filed in the case. (Berera v. Mesa Med. Group, PLLC (6th Cir. 2015) 779 F3d 352, 365-366—transcript of oral argument triggered removal period; Kuxhausen v. BMW Fin'l Services NA LLC (9th Cir. 2013) 707 F3d 1136, 1140—demand letter qualified as "other paper"; Huffman v. Saul Holdings Ltd. Partnership (10th Cir. 1999) 194 F3d 1072, 1078—plaintiff's deposition testimony triggered removal period; S.W.S. Erectors, Inc. v. Infax, Inc. (5th Cir. 1996) 72 F3d 489, 494—unfiled transcript of deposition testimony started removal period; Romulus v. CVS Pharmacy, Inc. (1st Cir. 2014) 770 F3d 67, 69-72—CAFA class counsel's email detailing number of alleged wage and hour violations was paper triggering removal period because it provided defendant all information

1    necessary to ascertain matter's removability).  Even if settlement letters are privileged under state

2    law, they may serve as a "paper" triggering the removal clock. (*Babasa v. LensCrafters, Inc.* (9th

3    Cir. 2007) 498 F3d 972, 974—mediation letters)

4          13.    Plaintiff file suit on July 11, 2022; therefore, pursuant to 28 U.S.C. Section

5    1446(b), this Notice of Removal is timely filed within thirty days after Defendant ascertained that

6    the case is one which is removable.

7          14.    Pursuant to 28 U.S.C. Section 1446(d), Defendant will promptly provide written

8    notice of removal of this action to Plaintiff, and will promptly file a copy of this Notice of

9    Removal with the Clerk of the Superior Court of California, County of Los Angeles.

10          15.    All defendants who, upon information and belief, have been served, and/or have

11    otherwise been made aware of the State Court Action, and whose citizenship is properly

12    considered, have filed this Notice of Removal or consent to removal of this action.  (Marcia Decl.

13    ¶¶ 8-9.)

14          WHEREFORE, Defendant respectfully requests that this Court assume jurisdiction over

15    this action in accordance with 28 U.S.C. Sections 1332, 1441, and 1446.

16    Dated:  August 1, 2022            HAIGHT BROWN & BONESTEEL LLP

17

18                    By:    _____/s/ *Melvin F. Marcia*_____

19                        Krsto Mijanovic
                            Melvin F. Marcia

20                        Attorneys for Defendant
                            ME & BROTHERS, INC..

21

22

23

24

25

26

27

28

Haight

**Haight**

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on this 1st day of August, 2022, I electronically filed the foregoing **DEFENDANT ME & BROTHERS, INC.'S NOTICE OF REMOVAL OF CIVIL ACTION UNDER 28 U.S.C. SECTION 1441** with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

Michael R. Parker
M.R. Parker Law, PC
6700 Fallbrook Avenue, Suite 207
West Hills, CA  91307

Tel:    (818) 334-5711
Fax:    (818) 394-6448

Email: michael@mrparkerlaw.com

Attorneys for Plaintiff Christopher Kawata

*Brenda Johnson*
_____
Brenda Johnson

# EXHIBIT A

Electronically FILED by Superior Court of California, County of Los Angeles on 07/11/2022 02:24 PM Sherri R. Carter, Executive Officer/Clerk of Court, by N. Alvarez,Deputy Clerk

Case 8:22-cv-01425    Document 1    Filed 08/01/22    Page 8 of 21    Page ID #:8

Assigned for all purposes to: Spring Street Courthouse, Judicial Officer: William Crowfoot

**PLD-PI-001**

| | |
|---|---|
| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):*<br>Michael R. Parker (271242)<br>M.R. Parker Law, PC<br>6700 Fallbrook Ave, Suite 207<br>West Hills, CA 91307<br>TELEPHONE NO: 818-334-5711     FAX NO. *(Optional):* 818-394-6448<br>E-MAIL ADDRESS *(Optional):* michael@mrparkerlaw.com<br>ATTORNEY FOR *(Name):* Christopher Kawata | *FOR COURT USE ONLY* |

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF Los Angeles**
STREET ADDRESS: 111 North Hill Street
MAILING ADDRESS:
CITY AND ZIP CODE: Los Angeles, CA 90012
BRANCH NAME: Stanley Mosk

PLAINTIFF: Christopher Kawata

DEFENDANT: Me & Brothers Inc.; Julio Barrientos; and

[x] DOES 1 TO 50

---

**COMPLAINT—Personal Injury, Property Damage, Wrongful Death**

[ ] **AMENDED** *(Number):*

**Type** *(check all that apply):*

[x] **MOTOR VEHICLE**     [x] **OTHER** *(specify):* Negligence
   [x] **Property Damage**     [ ] **Wrongful Death**
   [x] **Personal Injury**     [ ] **Other Damages** *(specify):*

**Jurisdiction** *(check all that apply):*

[ ] **ACTION IS A LIMITED CIVIL CASE**
   Amount demanded   [ ] does not exceed $10,000
      [ ] exceeds $10,000, but does not exceed $25,000
[x] **ACTION IS AN UNLIMITED CIVIL CASE (exceeds $25,000)**
[ ] **ACTION IS RECLASSIFIED** by this amended complaint
   [ ] **from limited to unlimited**
   [ ] **from unlimited to limited**

CASE NUMBER:

22STCV22247

---

1. **Plaintiff** *(name or names):* Christopher Kawata

  alleges causes of action against **defendant** *(name or names):*

  Me & Brothers Inc.; Julio Barrientos; and

2. This pleading, including attachments and exhibits, consists of the following number of pages:

3. Each plaintiff named above is a competent adult

  a. [ ] **except** plaintiff *(name):*

     (1) [ ] a corporation qualified to do business in California

     (2) [ ] an unincorporated entity *(describe):*

     (3) [ ] a public entity *(describe):*

     (4) [ ] a minor   [ ] an adult

       (a) [ ] for whom a guardian or conservator of the estate or a guardian ad litem has been appointed

       (b) [ ] other *(specify):*

     (5) [ ] other *(specify):*

  b. [ ] **except** plaintiff *(name):*

     (1) [ ] a corporation qualified to do business in California

     (2) [ ] an unincorporated entity *(describe):*

     (3) [ ] a public entity *(describe):*

     (4) [ ] a minor   [ ] an adult

       (a) [ ] for whom a guardian or conservator of the estate or a guardian ad litem has been appointed

       (b) [ ] other *(specify):*

     (5) [ ] other *(specify):*

[ ] Information about additional plaintiffs who are not competent adults is shown in Attachment 3.

Page 1 of 3

Form Approved for Optional Use
Judicial Council of California
PLD-PI-001 [Rev. January 1, 2007]

**COMPLAINT—Personal Injury, Property
Damage, Wrongful Death**

Code of Civil Procedure, § 425.12
www.courts.ca.gov

PLD-PI-001

| SHORT TITLE:<br>Kawata v. Me & Brothers Inc. et al. | CASE NUMBER: |
|---|---|

4. ☐ Plaintiff *(name):*

is doing business under the fictitious name *(specify):*

and has complied with the fictitious business name laws.

5. Each defendant named above is a natural person

a. ☒ **except** defendant *(name):* Me & Brothers Inc.
   (1) ☐ a business organization, form unknown
   (2) ☒ a corporation
   (3) ☐ an unincorporated entity *(describe):*

   (4) ☐ a public entity *(describe):*

   (5) ☐ other *(specify):*

c. ☐ **except** defendant *(name):*
   (1) ☐ a business organization, form unknown
   (2) ☐ a corporation
   (3) ☐ an unincorporated entity *(describe):*

   (4) ☐ a public entity *(describe):*

   (5) ☐ other *(specify):*

b. ☐ **except** defendant *(name):*
   (1) ☐ a business organization, form unknown
   (2) ☐ a corporation
   (3) ☐ an unincorporated entity *(describe):*

   (4) ☐ a public entity *(describe):*

   (5) ☐ other *(specify):*

d. ☐ **except** defendant *(name):*
   (1) ☐ a business organization, form unknown
   (2) ☐ a corporation
   (3) ☐ an unincorporated entity *(describe):*

   (4) ☐ a public entity *(describe):*

   (5) ☐ other *(specify):*

☐ Information about additional defendants who are not natural persons is contained in Attachment 5.

6. The true names of defendants sued as Does are unknown to plaintiff.

   a. ☒ Doe defendants *(specify Doe numbers):* 1-25 _____ were the agents or employees of other named defendants and acted within the scope of that agency or employment.

   b. ☒ Doe defendants *(specify Doe numbers):* 26-50 _____ are persons whose capacities are unknown to plaintiff.

7. ☐ Defendants who are joined under Code of Civil Procedure section 382 are *(names):*

8. This court is the proper court because
   a. ☐ at least one defendant now resides in its jurisdictional area.
   b. ☐ the principal place of business of a defendant corporation or unincorporated association is in its jurisdictional area.
   c. ☒ injury to person or damage to personal property occurred in its jurisdictional area.
   d. ☐ other *(specify):*

9. ☐ Plaintiff is required to comply with a claims statute, **and**
   a. ☐ has complied with applicable claims statutes, **or**
   b. ☐ is excused from complying because *(specify):*

PLD-PI-001

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| | |

10. The following causes of action are attached and the statements above apply to each *(each complaint must have one or more causes of action attached):*

a. [x] Motor Vehicle

b. [x] General Negligence

c. [ ] Intentional Tort

d. [ ] Products Liability

e. [ ] Premises Liability

f. [ ] Other *(specify):*

11. Plaintiff has suffered

a. [x] wage loss

b. [x] loss of use of property

c. [x] hospital and medical expenses

d. [x] general damage

e. [x] property damage

f. [x] loss of earning capacity

g. [x] other damage *(specify):*

   Other damages are unknown at this time which Plaintiffs will prove at the time of trial. Loss ofsociety, love, protection, companionship, consortium, and other related injuries and damages. Prejudgment interest and interest on damages under Civil Code Section 3287, 3288, 3291

12. [ ] The damages claimed for wrongful death and the relationships of plaintiff to the deceased are

a. [ ] listed in Attachment 12.

b. [ ] as follows:

13. The relief sought in this complaint is within the jurisdiction of this court.

14. **Plaintiff prays** for judgment for costs of suit; for such relief as is fair, just, and equitable; and for

a. (1) [x] compensatory damages

   (2) [ ] punitive damages

   The amount of damages is *(in cases for personal injury or wrongful death, you must check (1)):*

   (1) [x] according to proof

   (2) [ ] in the amount of: $

15. [x] The paragraphs of this complaint alleged on information and belief are as follows *(specify paragraph numbers):*

   5, 6, 8, 11, 13, MV-1, MV-2, GN-1

Date: 7/11/2022

Michael R. Parker
_____
(TYPE OR PRINT NAME)

► *Michael Parker*
_____
(SIGNATURE OF PLAINTIFF OR ATTORNEY)

**COMPLAINT—Personal Injury, Property Damage, Wrongful Death**

For your protection and privacy, please press the Clear This Form button after you have printed the form.

[ Print this form ]   [ Save this form ]   [ Clear this form ]

PLD-PI-001(1)

| SHORT TITLE:<br>Kawata v. Me & Brothers Inc. et al. | CASE NUMBER: |
|---|---|

First
_____
(number)

# CAUSE OF ACTION—Motor Vehicle

ATTACHMENT TO   [ x ] Complaint      [ ] Cross - Complaint

*(Use a separate cause of action form for each cause of action.)*

Plaintiff *(name):* Christopher Kawata

MV- 1. Plaintiff alleges the acts of defendants were negligent; the acts were the legal (proximate) cause of injuries
and damages to plaintiff; the acts occurred

   on *(date):* 10/15/2021

   at *(place):*
   I-5 N/B just south of Olive Ave., Burbank, CA 91502

MV- 2. DEFENDANTS

   a. [ x ] The defendants who operated a motor vehicle are *(names):*
          All Defendants

          [ x ] Does   1 _____  to   50 _____

   b. [ x ] The defendants who employed the persons who operated a motor vehicle in the course of their employment are
          *(names):*
          All Defendants

          [ x ] Does   1 _____  to   50 _____

   c. [ x ] The defendants who owned the motor vehicle which was operated with their permission are  *(names):*
          All Defendants

          [ x ] Does   1 _____  to   50 _____

   d. [ x ] The defendants who entrusted the motor vehicle are  *(names):*
          All Defendants

          [ x ] Does   1 _____  to   50 _____

   e. [ x ] The defendants who were the agents and employees of the other defendants and acted within the scope of the
          agency were *(names):*
          All Defendants

          [ x ] Does   1 _____  to   50 _____

   f. [ x ] The defendants who are liable to plaintiffs for other reasons and the reasons for the liability are
          [ x ] listed in Attachment MV-2f  [ ] as follows:
          All Defendants

          [ x ] Does   1 _____  to   50 _____

**Page** 4

**Page 1 of 1**

**CAUSE OF ACTION—Motor Vehicle**

Code of Civil Procedure 425.12
*www.courts.ca.gov*

For your protection and privacy, please press the Clear
This Form button after you have printed the form.

[ Print this form ]   [ Save this form ]   [ Clear this form ]

MC-025

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| Kawata v. Me & Brothers Inc. et al. | |

**ATTACHMENT** *(Number):* MV2f

*(This Attachment may be used with any Judicial Council form.)*

All Defendants

1. Defendants acted in a joint venture and/or enterprise, and/or in an employee-employer, agent-principal or some other relationship which caused the injuries and damages alleged herein.

2. Defendants designed, manufactured, constructed, built, owned, sold, transferred, managed, maintained, controlled, used, operated, supervised, inspected, and/or repaired the vehicles, other property involved in this incident, all or part of the collision site, adjacent property, improvements and/or fixtures thereon, and/or component parts thereof, in a negligent, careless, reckless, unlawful, defective, and/or dangerous manner, which were used in a foreseeable manner involving unreasonable damage and/or risk not reasonably apparent, without adequate warning, which caused injuries and damages to Plaintiff, and each of them, as alleged herein.

3. Defendants leased or rented the vehicle that collided with Plaintiff's vehicle, and negligently, carelessly, and/or unlawfully entrusted same to other Defendants, thereby sharing responsibility for each Plaintiff's injuries and damages, as alleged herein.

*(If the item that this Attachment concerns is made under penalty of perjury, all statements in this Attachment are made under penalty of perjury.)*

Page ___5___ of ___7___

*(Add pages as required)*

Form Approved for Optional Use
Judicial Council of California
MC-025 [Rev. July 1, 2009]

**ATTACHMENT**
**to Judicial Council Form**

*www.courtinfo.ca.gov*

PLD-PI-001(2)

| SHORT TITLE:<br>Kawata v. Me & Brothers Inc. et al. | CASE NUMBER: |
|---|---|

Second _____    **CAUSE OF ACTION—General Negligence**    Page ___6___

      (number)

ATTACHMENT TO   [ x ] Complaint     [   ] Cross - Complaint

*(Use a separate cause of action form for each cause of action.)*

GN-1. Plaintiff *(name)*:  Christopher Kawata

     alleges that defendant *(name):*  Me and Brothers Inc.; Julio Barrientos; and

     [ x ] Does   ____1____      to   ___50___

     was the legal (proximate) cause of damages to plaintiff. By the following acts or omissions to act, defendant
     negligently caused the damage to plaintiff

     on *(date)*: 10/15/2021

     at *(place)*: I-5 N/B just south of Olive Ave., Burbank, CA 91502

     *(description of reasons for liability):*
     Defendants owned, operated, entrusted, and controlled their vehicle in such a negligent and reckless manner so as to allow
     said motor vehicle to cause and/or contribute to Plaintiff's injuries and damages as alleged herein.

     The Defendants who are liable to Plaintiff for other reasons as the reasons for the liability are listed in attachment GN-1.

**Page 1 of 1**

Form Approved for Optional Use
Judicial Council of California
PLD-PI-001(2) [Rev. January 1, 2007]

**CAUSE OF ACTION—General Negligence**

Code of Civil Procedure 425.12
*www.courts.ca.gov*

For your protection and privacy, please press the Clear
This Form button after you have printed the form.

[ Print this form ]    [ Save this form ]    [ Clear this form ]

MC-025

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| Kawata v. Me & Brothers Inc. et al. | |

**ATTACHMENT** *(Number):* GN-1

*(This Attachment may be used with any Judicial Council form.)*

All Defendants

1. Defendants acted in a joint venture and/or enterprise, and/or in an employee-employer, agent-principal or some other relationship which caused the injuries and damages alleged herein.

2. Defendants designed, manufactured, constructed, built, owned, sold, transferred, managed, maintained, controlled, used, operated, supervised, inspected, and/or repaired the vehicles, other property involved in this incident, all or part of the collision site, adjacent property, improvements and/or fixtures thereon, and/or component parts thereof, in a negligent, careless, reckless, unlawful, defective, and/or dangerous manner, which were used in a foreseeable manner involving unreasonable damage and/or risk not reasonably apparent, without adequate warning, which caused injuries and damages to Plaintiff, and each of them, as alleged herein.

3. Defendants leased or rented the vehicle that collided with Plaintiff's vehicle, and negligently, carelessly, and/or unlawfully entrusted same to other Defendants, thereby sharing responsibility for each Plaintiff's injuries and damages, as alleged herein.

*(If the item that this Attachment concerns is made under penalty of perjury, all statements in this Attachment are made under penalty of perjury.)*

Page __7__ of __7__

*(Add pages as required)*

Form Approved for Optional Use
Judicial Council of California
MC-025 [Rev. July 1, 2009]

**ATTACHMENT
to Judicial Council Form**

*www.courtinfo.ca.gov*

# EXHIBIT B

Electronically FILED by Superior Court of California, County of Los Angeles on 07/29/2022 01:31 PM Sherri R. Carter, Executive Officer/Clerk of Court, by R. Yanez, Deputy Clerk

1   Krsto Mijanovic (Bar No. 205060)
     *kmijanovic@hbblaw.com*
2   Melvin F. Marcia (Bar No. 309568)
     *mmarcia@hbblaw.com*
3   HAIGHT BROWN & BONESTEEL LLP
    500 Capitol Mall, Suite 2150
4   Sacramento, California 95814
    Telephone: 916.702.3200
5   Facsimile: 916.570.1947

6   Attorneys for Defendant
    ME & BROTHERS INC.

7

8

9           **SUPERIOR COURT OF THE STATE OF CALIFORNIA**

10                  **COUNTY OF LOS ANGELES**

11

12   CHRISTOPHER KAWATA,                     Case No. 22STCV22247

13              Plaintiff,
                                             **DEFENDANT ME & BROTHERS**
14        v.                                 **INC.'S ANSWER TO PLAINTIFF**
                                             **CHRISTOPHER KAWATA**
15                                           **COMPLAINT**
     JULIO BARRIENTOS, an individual; ME
16   & BROTHERS INC., an unknown entity;     Action Filed:        November 17, 2021
     and DOES 1 to 50.
17

18              Defendants.

19

20

21   TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

22         PLEASE TAKE NOTICE THAT Defendant ME & BROTHERS INC. ("Defendant")

23   hereby answers the Complaint ("Complaint") of Plaintiff CHRISTOPHER KAWATA

24   ("Plaintiff") as follows:

25         Pursuant to the provisions of section 431.30(d) of the California Code of Civil Procedure,

26   Defendant denies each, every and all of the allegations in the Complaint, and all of it, and denies

27   that Plaintiff has or will sustain damages in the sum or sums alleged, or any other sum or sums, or

28   at all.

11000-0002594                DEFENDANT ME & BROTHERS INC.'S ANSWER TO
14252327.1                   PLAINTIFF CHRISTOPHER KAWATA'S COMPLAINT

Further answering Plaintiff's Complaint, each and every cause of action contained in it, and all of it, Defendant denies that Plaintiff has or will sustain any injury, damage or loss, if any, by reason of any act or omission on the part of Defendant.

**FIRST AFFIRMATIVE DEFENSE**

(Failure to State a Cause of Action)

The Complaint, each and every cause of action contained in it, and all of it, fails to state facts sufficient to constitute a cause of action against Defendant.

**SECOND AFFIRMATIVE DEFENSE**

(Comparative Fault)

Plaintiff is barred from any recovery herein in that Plaintiff's sole negligence, acts, omissions and/or other misconduct, was the legal cause of the act or acts, or event or events, alleged in the Complaint, and Plaintiff's damages, if any, and which Defendant expressly denies, and must be reduced in proportion to Plaintiff's own negligence, acts, omissions and/or conduct at the times and places alleged in the Complaint.

**THIRD AFFIRMATIVE DEFENSE**

(Failure to Mitigate)

That if Plaintiff sustained any injuries or damages as a result of the accident complained of in the Complaint, which Defendant expressly denies, then Plaintiff proximately caused, aggravated, and/or failed to take proper action to reduce and/or mitigate said injuries and damages.

**FOURTH AFFIRMATIVE DEFENSE**

(Conduct of Others)

The negligence, acts, omissions and/or conduct of other persons proximately caused and /or contributed to the act or acts, or event or events, that are the subject of the Complaint, and that if any judgment is rendered in favor of Plaintiff herein, the negligence, acts, omissions and/or conduct of said other persons must be determined, allocated in proportion, and any judgment rendered against Defendant must be reduced in the amounts thereof.

///

///

11000-0002594
14252327.1

DEFENDANT ME & BROTHERS INC.'S ANSWER TO
PLAINTIFF CHRISTOPHER KAWATA'S COMPLAINT

Haight

### FIFTH AFFIRMATIVE DEFENSE

(Assumption of Risk)

At the time and place of the accident alleged in Plaintiff's Complaint, Plaintiff, with full knowledge of the conditions existing and/or hazards involved, voluntarily assumed said risks and the assumption of said risks was the sole and proximate cause of Plaintiff's alleged injuries and damages, if any.

### SIXTH AFFIRMATIVE DEFENSE

(Supervening/Intervening Cause)

Plaintiff's alleged damages, if any, were caused by the intervening and/or superseding actions acts or omissions of others, or Plaintiff, for which Defendant is not responsible or liable, and such acts and/or omissions constitute superseding and/or intervening causes of Plaintiff's alleged damages, if any.

### SEVENTH AFFIRMATIVE DEFENSE

(Indemnification/Apportionment)

Defendant is entitled to indemnification by apportionment from any person whose negligence caused or contributed to the happening of the claimed accident or alleged damages set forth in Plaintiff's Complaint, if it should be found that Defendant is liable, which Defendant expressly denies.

### EIGHTH AFFIRMATIVE DEFENSE

(Contribution)

Defendant is entitled to contribution from any person whose negligence caused or contributed to the happening of the claimed accident or alleged damages set forth in Plaintiff's Complaint, if it should be found that Defendant is liable, which Defendant expressly denies.

### NINTH AFFIRMATIVE DEFENSE

(Civil Code § 1431.2)

Pursuant to Civil Code Section 1431.2, if it should be found that Defendant is liable at all for the accident alleged in Plaintiff's complaint, and/or Plaintiff's alleged injuries or damages, which Defendant expressly denies, then Defendant shall be liable only for the amount of non-

3

economic damages allocated to Defendant in direct proportion to the percentage of fault found against them, if any.

## TENTH AFFIRMATIVE DEFENSE

### (Workers Compensation offset)

If it should be found that Defendant is liable at all, then Defendant shall be liable only for the amount of non-economic damages allocated to Defendant in direct proportion to the percentage of fault found against Defendant, which Defendant expressly denies. This Answering Defendant is informed and believes that at all times mentioned herein Plaintiff was in the course and scope of his employment and that Plaintiff's exclusive remedy lies within the workers' compensation laws; or, in the alternative, the injuries sustained by Plaintiff, if any, were caused or contributed to by the carelessness, negligence or other fault of Plaintiff's employer and/or said employer's agents, servants or employees, and from any award made to Plaintiff this Defendant is entitled to a credit, offset, or reduction in damages in an amount in direct proportion to said employer's and/or said employer's agents', servants' or employees' percentage of fault and/or pursuant to the rule of *Witt v. Jackson* (1961) 57 Cal. 2d 57.

## ELEVENTH AFFIRMATIVE DEFENSE

### (No Affirmative Contribution)

Defendant expressly reserves the right to assert additional affirmative defenses which discovery may reveal as appropriate and/or proper.

/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /

4

1    WHEREFORE, Defendant prays as follows:

2    1.    That Plaintiff takes nothing by way of his Complaint;

3    2.    For the costs of the suit; and

4    3.    For such other and further relief as to this Court seems just and proper.

5

6    DATED:  July 29, 2022                HAIGHT BROWN & BONESTEEL LLP

7

8                                         By: _____

9                                         Krsto Mijanovic
10                                        Melvin F. Marcia
                                          Attorneys for Defendant
11                                        ME & BROTHERS, INC.

1

## PROOF OF SERVICE

2

Christopher Kawata v. Me & Brothers Inc.

3

Case No. 22STCV22247

4

**STATE OF CALIFORNIA, COUNTY OF SACRAMENTO**

5

6

At the time of service, I was over 18 years of age and not a party to this action. I am employed in the County of Sacramento, State of California. My business address is 500 Capitol Mall, Suite 2150, Sacramento, CA 95814.

7

8

On July 29, 2022, I served true copies of the following document(s) described as **DEFENDANT ME & BROTHERS INC.'S ANSWER TO PLAINTIFF CHRISTOPHER KAWATA COMPLAINT** on the interested parties in this action as follows:

9

10

11

Michael R. Parker
M.R. PARKER LAW, PC
6700 Fallbrook Avenue, Suite 207
West Hills, CA 91307

Tel:    (818) 334-5711
Fax:    (818) 394-6448

Email: michael@mrparkerlaw.com

12

13

Attorneys for Plaintiff Christopher Kawata

14

15

16

17

18

19

**BY MAIL:** I enclosed the document(s) in a sealed envelope or package addressed to the persons at the addresses listed in the Service List and placed the envelope for collection and mailing, following our ordinary business practices. I am readily familiar with the practice of Haight Brown & Bonesteel LLP for collecting and processing correspondence for mailing. On the same day that correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service, in a sealed envelope with postage fully prepaid. I am a resident or employed in the county where the mailing occurred. The envelope was placed in the mail at Sacramento, California.

20

21

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on July 29, 2022, at Sacramento, California.

22

23

24

*Brenda Johnson*
Brenda Johnson

25

26

27

28

11000-0002594
14252327.1

DEFENDANT ME & BROTHERS INC.'S ANSWER TO
PLAINTIFF CHRISTOPHER KAWATA'S COMPLAINT